IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **CBX TECHNOLOGIES, INC.,** | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-10-2112 |
| **GCC TECHNOLOGIES, LLC,** | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's motion to file an amended complaint. (ECF No. 27.) The matter has been briefed (ECF Nos. 32, 33, 34), and no hearing is necessary, Local Rule 105.6. The motion will be denied.

### I. *Procedural History*

This case was filed by CBX Technologies, Inc., on August 2, 2010, against "GCC Technologies, LLC, *formerly known as*, Government Contract Consultants, LP." (Compl., ECF No. 1.) The complaint asserted one count for breach of a teaming agreement between the two parties. The teaming agreement allowed for GCC to be considered the primary contractor and CBX to be the subcontractor on a government contract involving the U.S. Department of Education's Federal Student Aid program.

On November 15, 2010, then-presiding Judge Quarles entered a scheduling order that noted the deadline of November 22, 2010, for requests for modification of the initial scheduling order and further stated, "Thereafter, **the schedule will not be changed except for good cause.**"

(ECF No. 6.)[1]  Included in the scheduling order was a deadline of December 30, 2010, for moving for amendment of pleadings.  No such motions were filed by the deadline.  GCC's motion to dismiss, filed February 21, 2011 (ECF No. 11), was granted on March 18, 2011 (ECF No. 16).  CBX's appeal to the Fourth Circuit was thereafter docketed, and that Court vacated and remanded the March 18 judgment for further proceedings.  On remand, this Court directed counsel for the parties to meet and confer about the future direction of the case and to file a joint status report.  (ECF No. 22.)  In the status report, the parties declined to submit the matter to a magistrate judge for a settlement conference at that time and requested 60 days for completion of discovery.  (ECF No. 23.)  Additionally, the report stated, "Following the completion of discovery, if not before, plaintiff intends to file a motion seeking leave to file an amended complaint adding a cause of action alleging a breach of the written subcontract agreement signed on or about June 6, 2010, as well as fraud.  Defendant reserves the right to oppose that motion." (*Id.*)  In response, the Court entered a revised scheduling order, which provided:

> In the Fourth Circuit's opinion accompanying its order remanding this case to this Court for further proceedings, it was stated:
>
> > The dispositive factual issues – issues that were not properly resolved on the face of the pleadings – are (1) whether work began before the November 9, 2009 retroactive effective date of the Subcontract Agreement, and if so, (2) whether a breach occurred before November 9, 2009.
>
> *CBX Techs., Inc. v. GCC Techs., LLC*, No. 11-1380, slip op. at 8 (4th Cir. Dec. 13, 2011) (per curiam) (unpublished).  The parties have requested a discovery period of 60 days.  Accordingly, the following schedule is applicable to this case:
>
> April 9, 2012          Discovery deadline; joint submission of status report
> April 16, 2012         Requests for admission
> May 9, 2012            Dispositive pretrial motions deadline

---

[1] This case was reassigned to the undersigned on January 12, 2011.

2

> **This schedule will not be changed except for good cause.** All requirements of the original scheduling order (ECF No. 6) that are pertinent to this portion of the case remain in effect.

(ECF No. 24.)

In CBX's status report at the close of discovery, it stated,

> Plaintiff has repeatedly stated that it intends to file a motion seeking leave to amend the complaint, and it still intends to do so after analyzing the information obtained from discovery. Among other allegations, plaintiff shall allege that the written subcontract agreement was void *ab initio* since when that document was signed on behalf of Government Contracts Consultants, LP, the latter entity had merged with and been superseded by GCC Technologies, LLC, which never novated or accepted an assignment of the written subcontract agreement according to its own terms. In the alternative, plaintiff shall allege that defendant breached the written subcontract agreement as well as the teaming agreement.

(ECF No. 25.)

In an earlier memorandum opinion addressing GCC's motion to dismiss, this Court ruled that the teaming agreement had been superseded by a written subcontract between the same parties executed on June 6, 2010, but with an effective date of November 9, 2009. (3/18/11 Mem. Op. 3-4, ECF No. 15.) The Court also ruled that CBX's allegations about GCC's actionable conduct appeared to relate to the time after the teaming agreement expired. (*Id.* 4.) This latter ruling was reversed and the judgment of dismissal was vacated on CBX's appeal to the Fourth Circuit inasmuch as CBX had alleged that it had five employees in place ready to work on October 1, 2009, and the effective date of the subcontract was November 9, 2009. *CBX Techs., Inc. v. GCC Techs., LLC*, No. 11-1380, slip op. at 8 (4th Cir. Aug. 13, 2012) (per curiam) (unpublished).

## II. CBX's Motion for Leave to Amend

In its present motion, CBX seeks leave to amend its complaint to change underlying allegations for its legal claim and to add three counts for deceit/fraudulent inducement, breach of

3

fiduciary duty, and declaratory judgment to declare the written subcontract null and void. It also seeks to strike from the caption and paragraph three the language "formerly known as Government Contract Consultants, LP" following "GCC Technologies, LLC." As justification for its various, proposed amendments, CBX relies upon Federal Rule of Civil Procedure 15(a)(2), which provides that leave to amend shall be freely given "when justice so requires."

In its motion, CBX states that its president, Chris D'Andrade,

> did not fully comprehend until after GCC filed its motion to dismiss that GCC would take the position that the teaming agreement would become completely irrelevant as soon as the written subcontract agreement was entered into. Rather . . . D'Andrade thought that the teaming agreement would remain in effect and continue to govern the relationship between the parties, notwithstanding any language to the contrary . . . . D'Andrade also believed that the written subcontract agreement, no matter how labeled, incorporated the gist of the teaming agreement.
>
> Upon learning of GCC's interpretation, which the Court adopted in granting the motion to dismiss, CBX came to believe that GCC had not merely breached the teaming agreement, but tricked CBX into signing the written subcontract agreement.
>
> CBX also then realized that . . . CBX should file an amended complaint asserting that GCC had breached the written subcontract agreement . . . .

(Mot. 6-7.)

CBX then states that this Court should have given CBX an opportunity to amend its complaint. (*Id.* 7.) Further, CBX states,

> CBX did not seek leave to file its amended complaint previously—although it would have done so in a timely manner had the Court issued a new deadline for such a filing at any juncture—largely *because CBX did not know what defects GCC had found in the original complaint and wished to conduct discovery before formulating additional causes of action.*

(*Id.* (emphasis added).) Also, CBX contends that it "did not learn until conducting discovery in this case that [General Contract] Consultants [LP] did not exist at the time of the written subcontract agreement." (*Id.* 8.) Thus, it posits that if the written subcontract was signed on

4

behalf of a nonentity, then the subcontract is not valid, which means the teaming agreement was not arguably superseded and remains in full effect.  (*Id.*)  Finally, CBX asserts its proposed, amended complaint "corrects significant but not critical factual errors that largely came to light *during GCC's deposition of Andrade [sic], although nothing prevented GCC from bringing these errors to CBX's attention at an earlier date, for example in response to the discovery requests served in February 2011.*"  (*Id.* (emphasis added).)  Thus, CBX finishes its argument by contending, "[A]ny inconvenience to GCC does not justify denying CBX of having a fair opportunity to test its claims on the merits."  (*Id.*)

GCC opposes the motion because CBX does not present good cause for modifying the scheduling order's deadline for motions to amend pleadings and because amendment to allow CBX's addition of new counts would be futile.  (ECF No. 32.)

### III. *Standard for Motion to Amend*

A motion for leave to amend pleadings filed beyond the deadline set forth in the scheduling order will only be granted if it satisfies both the "good cause" standard of Rule 16(b)(4) and the standard of Rule 15(a)(2) for allowing amendment of pleadings.  *See Moses v. Cowan Distrib. Servs., Inc.*, Civ. No. JKB-10-1809, 2012 WL 527657, at *2 (D. Md. Feb. 16, 2012).  *See also Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298-99 (4th Cir. 2008) (noting tension between Rule 15 and Rule 16; not reaching district court's Rule 15(a) finding of futility because it affirmed district court's Rule 16(b) application of "good cause" standard); *Odyssey Travel Center, Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631 (D. Md. 2003) ("once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b); if the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under [Rule] 15(a)").

The analysis under Rule 16(b) is less focused on the substance of the proposed amendment and more concerned with the timeliness of the motion to amend "and the reasons for its tardy submission." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373-74 (D. Md. 2002). A court's scheduling order "'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril,'" *Potomac Electric Power Co. v. Electric Motor Supply, Inc.*, 190 F.R.D. 372, 376 (D. Md. 1999), *quoting Gestetner v. Case Equipment Co.*, 108 F.R.D. 138, 141 (D. Me. 1985). "'Properly construed, "good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts.' . . . Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Potomac Elec.*, 190 F.R.D. at 375 (citations omitted).

## IV.  Analysis

The Court has considered CBX's motion, its supporting materials, and the rest of the record. CBX has not demonstrated good cause under Rule 16(b)(4) for amending the scheduling order. Any information possessed by D'Andrade, CBX's president, was well within CBX's control prior to the filing of the lawsuit and prior to the deadline for motions to amend, as was information from CBX's files on dates of employment of CBX employees subsequent to the execution of the teaming agreement and on amounts paid by GCC to CBX. Similarly, the change of General Contract Consultants, LP, to GCC Technologies, LLC, was a matter of public record in April 2010, well before the filing of the complaint. CBX's knowledge of this change in identity before the suit was filed is reflected in the original caption of the complaint, which recorded the Defendant's name as "GCC Technologies, LLC, *formerly known as*, Government Contract Consultants, LP." Although CBX may not have anticipated that the teaming agreement would be interpreted, in conjunction with the subcontract, in such a fashion as to drastically

narrow its case, its failure to anticipate is of its own doing and not the fault of any other entity. No one other than CBX had a duty to point out to CBX defects in its original complaint.[2]

In short, CBX has not offered any facts that would support an amended complaint and that were not discoverable by CBX through proper diligence prior to the deadline of the original scheduling order for filing a motion for leave to amend the complaint. Consequently, CBX has not demonstrated good cause for altering the scheduling order's deadline for filing such a motion. Because of the conclusion reached under Rule 16, the Court need not analyze the motion under Rule 15.

Accordingly, CBX's motion for leave to amend its complaint (ECF No. 27) is DENIED.

DATED this 24th day of July, 2012.

BY THE COURT:

/s/
James K. Bredar
United States District Judge

---

[2] The Court is especially troubled by one proposed amendment to the complaint. In the first sentence of paragraph eight of the original complaint, CBX alleged, "On or about October 1, 2009, based upon the teaming agreement, CBX had five employees in place to work on the FSA contract." In its proposed amended complaint, the first sentence of paragraph eight would be revised to read, "On or before November 9, 2009, CBX had approximately five employees in place to work on the FSA contract." The date on which CBX employees were in place to work on the FSA contract was significant to this Court's prior ruling and the Fourth Circuit opinion vacating it because of the effective date of the subcontract, i.e., November 9, 2009. CBX has offered no good reason for not having the correct date in the original complaint. Counsel are reminded of the duty under Federal Rule of Civil Procedure 11(b)(3) to present to the Court only such pleadings about which counsel can certify "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Violations of Rule 11(b) are sanctionable.